## No. 6964.

## J. J. FOUCHÉ VS. STEWART BROS. & CO.

Delivery is a matter of law to be deduced from an established state of facts. Held that under the facts herein delivery was not shown.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor, J.*

*Ogden & Buckner* and *O. N. Ogden* for plaintiff and appellee.

*Thos. Gilmore & Sons* for defendants and appellants.

---

The opinion of the court was delivered by

WHITE, J. The plaintiff sequestered nineteen bales of cotton, which he alleged had been stolen from him and shipped from Sestos Landing, on the Yazoo, consigned to Stewart Bros., a commercial firm in this city ; he prayed to be recognized as the owner. The petition having been excepted to for its vagueness, a supplemental petition was filed, which averred that the cotton had been raised on a plantation belonging to the plaintiff, and which he had leased to J. W. McDonald ; that the price of the lease was twenty bales of cotton, and that the nineteen bales in question were a part of the rent-cotton, they having been actually delivered to plaintiff, and after delivery clandestinely removed and shipped by J. W. McDonald, in the name of his brother, D. H. McDonald, for account of W. B. Shearin. The petition contained an averment that under the laws of Mississippi petitioner had a lien ; the prayer was, however, for recognition as owner. To this petition J. W.

McDonald was made a party defendant. The petition was excepted to, because it changed the issue from one of ownership to a claim of privilege, and because McDonald was improperly made defendant. The court below correctly overruled it; the mere averment of the lien was controlled by the prayer. If McDonald was improperly joined, it could not have worked the dismissal of the action as to those regularly before the court. Stewart Bros. & Co. answered declaring that at the time of the sequestration they were in possession of the cotton under a bill of lading showing it to have been shipped to them by D. H. McDonald, for account of W. B. Shearin, for whom they held it. Shearin intervened and claimed the cotton, averring that it was transferred to him by D. H. McDonald, in payment of a pre-existing and valid debt. J. W. McDonald, through a curator *ad hoc*, claimed the cotton as his.

Before passing on the effect of the shipment, we must necessarily examine the facts, as the position of the plaintiff is that the bill was a mere device, leaving the property yet in the hands of McDonald. The proof undoubtedly is that J. W. McDonald was the lessee of the plaintiff's Sestos plantation in the year 1876, and the cotton was shipped from the landing of that place on the 29th of November, 1876, by a bill which recited that it was shipped by D. H. McDonald to Stewart Bros. & Co., for account of W. B. Shearin. Shearin, the intervenor, supports his case by the following testimony : That he acquired from J. J. Campbell, in the early part of 1876, a note of D. H. McDonald, for six hundred dollars, and that he was the holder of a note of $110 25, drawn by J. W. McDonald, and indorsed by D. H. McDonald ; that when the note was acquired by him he was informed that D. H. McDonald was a sub-lessee of his brother J. W., and had agreed to ship from his crop cotton to cover the note; that the shipment was made under this agreement, and by his directions. Campbell, from whom he acquired, confirms his testimony, and swears that the consideration of the note was the purchase price of the mules and agricultural implements sold by him to D. H. McDonald, in January, 1876 ; that when the sale was made it was agreed that from the proceeds of his crop as sub-tenant he would ship sufficient cotton to cover it, and when the transfer was made to Shearin the like agreement was made. Both J. W. and D. H. McDonald confirm this statement, and they both swear that the cotton in question was the property of D. H., raised by him as sub-tenant, and shipped by him in consequence of the above-recited agreement. Neither the plaintiff nor his book-keeper have, we think, in any satisfactory way rebutted this testimony ; the fact that when the lease was made J. W. stated that D. H. McDonald was a minor does not preclude his having been a sub-tenant. We give no great weight to the testimony of the two laborers. Their statement that the cotton was raised by J. W. McDonald and his

tenants is not inconsistent with D. H. McDonald's sub-tenancy; their declaration that he worked in the field is not inconsistent with his own testimony, and ought not to outweigh the testimony showing him to have been a sub-tenant, supported as it is by the deed of trust made· and put upon the public record at a time not suspicious. The delivery· which is claimed has not been proven. True, the plaintiff says this· cotton was delivered to him, but delivery is a matter of law, to be inferred from an established state of facts. Taking his testimony and that of the book-keeper, we conclude that the facts are as follows:

The day before this cotton was shipped, J. W. McDonald called at the office of the plaintiff, and told him he had the rent-cotton nearly ready, and he was told to ship it the next day. It is clear that this conversation was in no sense of the word a delivery of the cotton, either symbolical or otherwise. It is said that as there was no other cotton on the place, the cotton seized must have been referred to. Granting the· fact, we do not think it would constitute delivery. Taking this view of the proof, after a careful review of all the testimony, we are clear the case is with the intervenor; the cotton was never delivered to or in possession of the plaintiff, but was shipped in Mississippi for account of· the intervenor, and was held by his agents under the bill of lading when the sequestration was levied. The landlord's lien under such circumstances would not be paramount, even under the laws of Mississippi, which have been offered in evidence.

The judgment is reversed, and judgment be and the same is hereby rendered in favor of the intervenor, recognizing him as owner of the· nineteen bales of cotton. The costs of both courts to be borne by the· plaintiff.

Rehearing refused.